UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL,[2] Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 2:18-cv-09600-JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On November 14, 2018 , plaintiff Deborah Thornton, who is proceeding *pro se*, filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

///

---

[1] Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

1

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 16, 2018 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 30, 2014, plaintiff protectively filed an application for Supplemental Security Income, alleging disability beginning on August 2, 2012, due to depression, low back pain, headaches, glaucoma and insomnia. (Administrative Record ("AR") 28, 247-52, 272-73).[3] An ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 70-93).

On January 26, 2016, the ALJ determined that plaintiff was not disabled from April 30, 2014 through the date of the decision. (AR 28-35). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: tendonitis of the shoulder and low back pain (AR 30); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 31); (3) plaintiff retained the residual functional capacity to perform a limited range of medium work (20 C.F.R. §§ 404.1567(c), 416.967 (c)) (AR 31-35); (4) plaintiff could perform her past relevant work as a home health aid and therefore is not disabled (AR 35); and (5) plaintiff's statements regarding

---

[3]Plaintiff previously applied for disability benefits and was found not disabled from the alleged onset date through July 26, 2012. (AR 122-35).

the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible. (AR 33).

On August 16, 2017, the Appeals Council denied plaintiff's application for review. (AR 1-6). Plaintiff thereafter filed a complaint with this Court in Thornton v. Berryhill, C.D. Cal. Case No. 17-7271-JC, which resulted in a stipulated remand for a new administrative hearing and consideration of all of plaintiff's medical evidence. (AR 535-38, 599-602, 605-06).

On remand, a new ALJ examined the medical record and heard testimony from plaintiff, two medical experts, and a vocational expert. (AR 503-14). On November 2, 2018, the ALJ found plaintiff not disabled from the April 30, 2014 application date through the date of the decision. (AR 470-80). The ALJ found: (1) plaintiff suffered from the following severe impairments: hypertension, lumbar strain, shoulder tendonitis, and major depressive disorder (AR 473); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 474-75 (giving weight to the medical expert opinions at AR 509-10)); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) limited to no climbing ladders or ropes, occasional postural activities, and simple repetitive work with no contact with the general public (AR 475-78 (adopting medical expert opinions at AR 509-11)); (4) plaintiff is unable to perform her past relevant work as a home health aid (AR 478); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically hand packager, conveyor feeder off bearer, and machine packager and therefore is not disabled (AR 478-79 (adopting vocational expert testimony at AR 511-12)); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not consistent with the medical evidence of record, which reportedly showed fairly good response to treatment (AR 478).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

///
///

## B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's

///

reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff generally contends that the ALJ erred in considering the evidence of record and that the ALJ's decision is not supported by substantial evidence. See Plaintiff's Motion at 1-5. Plaintiff has provided medical records postdating the ALJ's adverse decision. Id. at 6-21. Defendant argues that the ALJ's decision is supported by substantial evidence. See Defendant's Motion at 12-18. Plaintiff has contested much of defendant's characterization of the record. See Plaintiff's Response to Defendant's Motion, filed on May 10, 2019.

For the reasons discussed below, the Court finds that the ALJ failed adequately to consider plaintiff's headaches in reaching a disability determination. Since the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. § 416.929(a), (d).

///
///
///
///

At step two a claimant essentially must present objective medical evidence[4] which establishes that she has a sufficiently severe medically determinable physical or mental impairment that satisfies the duration requirement (*i.e.*, an impairment that has lasted or can be expected to last for a continuous period of twelve months or more). 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 404.1521, 416.909, 416.920(a)(4)(ii), 416.921; see also 42 U.S.C. §§ 423(d), 1382c(a)(3); see also Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987); Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citation omitted).

Step two "is a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing Bowen, 482 U.S. at 153-54), superseded, in part, on unrelated grounds, 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). "An impairment . . . may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting id.) (emphasis in original); see also 20 C.F.R. §§ 404.1522(a); 416.922(a) (impairment "not severe" only when it does not "significantly limit [a claimant's] physical or mental ability to do basic work activities"); Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, *2 (substantial evidence supports ALJ's determination that a claimant is not disabled at step two only where "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment"). Hence, when reviewing an ALJ's findings at step two, the district court essentially "must determine whether the ALJ had substantial evidence to find

---

[4]"Objective medical evidence" consists of "signs, laboratory findings, or both." 20 C.F.R. §§ 404.1502(f), 416.902(f). "Signs" are "anatomical, physiological, or psychological abnormalities that can be. . . shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. §§ 404.1502(g), 416.902(g). "Laboratory findings" are "anatomical, physiological, or psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques." 20 C.F.R. §§ 404.1502(c), 416.902(c).

that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." Webb, 433 F.3d at 687 (citing Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")).

Additionally, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. § 416.929(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10. When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89; see also Trevizo, 871 F.3d at 678-79 & n.5 (same) (citations omitted). This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR

8

16-3p, 2017 WL 5180304, at *10. An ALJ must clearly identify each statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted).

If an ALJ's evaluation of a claimant's statements is supported by substantial evidence, "the court may not engage in second-guessing." Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) (citation omitted). When an ALJ fails properly to discuss a claimant's subjective complaints, the error may not be considered harmless "unless [the Court] can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Marsh, 792 F.3d at 1173 (quoting Stout, 454 F.3d at 1055-56); see also Brown-Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting claimant testimony "will usually not be harmless").

**B.     Analysis**

Plaintiff testified that she last worked in 2006, and could not work due to depression, anxiety, headaches that cause her to have to lie down for a few hours, hypertension, eyesight problems/glaucoma, and low back issues that cause her leg to cramp when she climbs stairs. (AR 508). Plaintiff said that her shoulder problems had resolved. (AR 508). At an earlier administrative hearing in July 2012, plaintiff testified that she had "post-concussive syndrome" and ongoing headaches which cause her to have to lie down. (AR 699, 706-08). At a hearing in December 2015, plaintiff testified that she has headaches three to four times a week for which she lies down for a couple of hours at a time. (AR 723-24, 729-31). A vocational expert testified that if a person required a two-hour unscheduled break, three to four times a week, there would be no gainful employment for that person. (AR 733).

The record shows that plaintiff reportedly suffered a head injury in 2011 which has caused her to suffer chronic headaches. (AR 371, 831, 874). A CT scan of plaintiff's brain from September 2014 showed advanced atrophy for her

9

age. (AR 381, 387, 392). Plaintiff has been treated for chronic headaches "with fluctuating frequency," by neurologist Dr. Ivan Fras who had an EEG test done in April of 2017 (which does not appear to be included in the record) and prescribed medications. (AR 557-59, 561-63, 572-74, 843-48, 903-05, 911-13, 922-24).

A treatment note from January 2016, reports that plaintiff complained of "constant headaches." (AR 1140-41). A May 2017 treatment note reports that plaintiff was having increased headaches for a few months with no indication of the frequency. (AR 814). Treatment notes from June and August 2017 report that plaintiff then was having headaches about two days per week since having her Topomax dose increased. (AR 807, 846). A January 2018 treatment note reports that plaintiff was having headaches three to four times per week. (AR 922). In April 2018, plaintiff reported to her therapist that she was still having headaches despite her medications. (AR 938). In June 2018, plaintiff reported to her therapist that she was having headaches that last all day and all night despite her medications. (AR 928).[5]

In finding plaintiff's headaches non-severe at Step 2 of the disability analysis, the ALJ described plaintiff's headaches as "occasional" and "sporadic," treated by anti-inflammatory medications "with good response," and on that basis concluded that plaintiff's headaches do not result in any functional limitations. (AR 473). In summary fashion, the ALJ stated that he had considered plaintiff's subjective complaints, however, "such complaints are inconsistent with the medical evidence of record, which shows fairly good response to treatment." (AR 478).

///

---

[5] When plaintiff presented for an internal medicine evaluation in July 2014, there is no indication that she reported suffering from headaches. See AR 363-67. She did, however, report to the psychologist who evaluated her in July 2014 that she suffers from severe headaches that can cause blackouts. (AR 370).

The ALJ's determination that plaintiff's headaches are not severe is not supported by substantial evidence. The ALJ did not adequately consider the reports in the medical record and plaintiff's related testimony suggesting that plaintiff suffered from regular headaches from two to four times per week. The ALJ's failure adequately to consider both the reports of plaintiff's headaches and her subjective complaints calls into question the validity of the ALJ's evaluation of the medical evidence and the ALJ's decision as a whole. See Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) (error for ALJ to paraphrase medical evidence in manner that is "not entirely accurate regarding the content or tone of the record"). If the ALJ wished to disregard plaintiff's complaints of frequent headaches for which she must lie down, the ALJ should have discussed this testimony and explained his basis for rejecting it. Treichler, 775 F.3d at 1103.

The Court cannot confidently conclude that the ALJ's failure to adequately consider plaintiff's subjective complaints was inconsequential to the ultimate nondisability determination (*i.e.*, harmless), in light of the vocational expert's testimony that the need to take unscheduled breaks three to four times per week would preclude employment. (AR 733).

Accordingly, a remand is warranted so that the ALJ can reevaluate plaintiff's subjective complaints of headaches and the related medical evidence.

///
///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED and this matter is REMANDED for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 25, 2019

                                                  /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted). The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.